EDITH BROWN CLEMENT, Circuit Judge,
concurring:
Regretfully, I join in the judgment affirming the district court’s decision. I do so chiefly because the issues in this case are virtually indistinguishable from the ones our en banc court addressed two years ago. Morgan v. Swanson, 659 F.3d 359 (5th Cir.2011) (en banc) (“Morgan En Banc ”). A divided court there held that because clearly established law did not put the constitutionality of the principals’ conduct pertaining to restrictions on student speech beyond debate, the principals were entitled to qualified immunity. Id. at 371 (Benavides, J., writing for the majority on this point). Another majority found that the principals had violated the student’s First Amendment rights. Id. at 401 (El-rod, J., writing for the majority on this point and dissenting in part). While I joined with Judge Elrod in finding a clearly established right that was violated by the principals’ viewpoint discriminatory restrictions on student religious speech, that position did not garner majority support.
I see no principled distinction between restricting the right of Jonathan Morgan to share his religious message with other students and Doug Morgan’s right to share his religious message with other parents. By necessary implication, Morgan En Banc resolved this issue: Doug Morgan’s First Amendment rights were violated when Principal Swanson discriminated against his religious viewpoint.
But, the separate majority in Morgan En Banc found that the trove of conflicting and confusing precedent in the student speech context prevented that right from being clearly established, and therefore could not deprive Principal Swanson of qualified immunity for her actions. As the majority noted,
When considering a defendant’s entitlement to qualified immunity, we must ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable official would understand that what he is doing violates [the law]. To answer that question in the affirmative, we must be able to point to controlling authority — or a robust consensus of persuasive authority — that defines the contours of the right in qúestion with a high degree of particularity.
Morgan En Banc, 659 F.3d at 371-72 (internal quotation marks and citations omitted).
In Morgan En Banc, there was a significant body of caselaw defending student *765 free speech rights in schools. See Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 506, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (“It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.”). The Chiu cases cited by Mr. Morgan are evidence that parents do not cede their First Amendment rights when they walk through the schoolyard gate either. Chiu v. Plano Ind. Sch. Dist., 260 F.3d 330 (2001); Chiu v. Plano Ind. Sch. Dist., 339 F.3d 273 (2003). In the Chiu cases, parents who disagreed with the transition to a new math curriculum were discriminated against because of their viewpoint: they were not permitted to place materials opposed to the proposed curriculum next to materials promoting the proposed curriculum. 260 F.3d at 351-52. The contention that other parents or students were permitted to give out gifts with a secular message while Mr. Morgan was not permitted to give out gifts with a religious message is a significantly analogous situation. But here, it is not clear from the pleadings if the other parents in the Morgan’s school were permitted to give gifts to other parents or whether the activity was limited to students. Absent a comparative parent who did not suffer discrimination, Chiu’s applicability wans.
As a practical and prudential matter, Morgan En Banc has resolved this issue: if Jonathan Morgan’s right to share his religious message was not clearly established enough then to deprive Principal Swanson of qualified immunity, the same must be said here. There is no reason to believe that the court sitting en banc would resolve the case of Mr. Morgan any differently in light of that precedent.
The argument that the right enunciated in Morgan En Banc is not clearly established ended with that case in regards to student free speech. The decisive concurrence in that case — comprised of the judges who composed the majority for each prong — sought “to state the law correctly and prevent school officials in the future from censoring private speech by students simply because it is religious.” Morgan En Banc, 659 F.3d at 390 (Jones, J., concurring). If the facts of Morgan were repeated in another case today, the outcome would be different, and rightly so. Ours was a nation founded by those who sought a place where they could proclaim their faith freely. Our forebears would be disappointed to see a country where students and parents were not permitted to share a simple gift at Christmas conveying a timeless message of love and redemption that no government should seek to suppress.